VERNON A. NELSON, JR., ESQ.
Nevada Bar No.: 6434
THE LAW OFFICE OF VERNON NELSON
9480 S. Eastern Ave., Ste. 244
Las Vegas, NV 89123
Tel.: 702-476-2500
Fax.: 702-476-2788
E-mail: vnelson@nelsonlawfirmlv.com
*Attorney for Plaintiff Michael Calkins*

UNITED STATES DISTRICT COURT

STATE OF NEVADA

| | |
|---|---|
| MICHAEL CALKINS, | Case No.: 2:16-cv-02628 RFB-VCF |
| Plaintiff, | |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, a foreign limited liability company; and EXPERIAN INFORMATION SERVICES, INC. | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Plaintiff Michael Calkins ("Plaintiff"),

Defendant Portfolio Recovery Services Inc. ("PRA"), and Defendant Experian Information

Solutions, Inc. ("Experian") (collectively, "the Parties") through their respective attorneys of

record, as follows:

WHEREAS, documents and information have been and may be sought, produced or

exhibited by and among the parties to this action relating to trade secrets, confidential research,

development, technology or other proprietary information belonging to the defendants, and/or

personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and

hereby is made by this Court on the following terms:

1.      This Order shall govern the use, handling and disclosure of all documents,

testimony or information produced or given in this action which are designated to be subject to

this Order in accordance with the terms hereof.

2.      Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3.      To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" and shall file them with the clerk, along with a Motion To Seal in relation to allegedly "Confidential" materials; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.  Any party seeking to file any document under seal must comply with the requirements of Civil Local Rules.

4.      The parties understand that the Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to nondispositive motions must show good cause exists to overcome the presumption of public access.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  The parties understand, that parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access.  *Id.*, at 1180.  The parties understand that all motions to seal must address the applicable standard and explain why that standard has been bet.  The parties further understand, that the fact that a court has entered a blanket protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also* Beckman Indus.., Inc. v. Int'l Ins. Co.*, 996 F.2d 470, 476 (9th Cir. 1992).*

If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the opposing party (or non-party) at least seven days prior to filing the designated document.  The designating party must then make a good faith determination if the

relevant standard for sealing is met. To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the designating party believes that relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.

In the event of an emergency motion, the procedures in the paragraph above shall not apply. Instead, the movant shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal within three days following its filing. The parties understand that if the designating party fails to timely file such a declaration, the Court may order the document filed in the public record.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential", shall not be used, directly or indirectly, by any person, including Plaintiff, PRA, and Experian, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this

litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; and (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure), and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7.      Documents produced pursuant to this Order shall not be made available to any person designated in paragraph 6(f) unless such other person shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

8.      All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described in paragraph 6, and then only for the purposes specified, and in no event shall such person make any other use of such document or transcript.

9.      Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential".

10.      This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

11.      Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing

1   Party.

2       12.     In the event that any party to this litigation disagrees at any point in these

3   proceedings with any designation made under this Protective Order, the parties shall first try to

4   resolve such dispute in good faith on an informal basis in accordance with Civil Local Rules. If

5   the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief

6   from this Court. During the pendency of any challenge to the designation of a document or

7   information, the designated document or information shall continue to be treated as "Confidential"

8   subject to the provisions of this Protective Order.

9       13.     Nothing herein shall affect or restrict the rights of any party with respect to its own

10   documents or to the information obtained or developed independently of documents, transcripts

11   and materials afforded confidential treatment pursuant to this Order.

12       The Court retains the right to allow disclosure of any subject covered by this stipulation or

13   to modify this stipulation at any time in the interest of justice.

14       **IT IS SO STIPULATED**.

15   Dated: this 19th day of October, 2017. _____    KRAVITZ, SCHNITZER, & JOHNSON,
    CHTD

16

17

    By: */s/ Gina M. Mushmeche*

18       Gina M. Mushmeche
    Nevada Bar No. 10411

19       8985 S. Eastern Avenue, Suite 200
    Las Vegas, NV 89123

20

21       *Attorneys for Defendant Portfolio Recovery Associates, LLC*

22   Dated: this 19th day of October, 2017.    THE LAW OFFICE OF VERNON NELSON, PLLC

23   _____

24       By: */s/ Vernon Nelson*

25       Vernon Nelson
    Nevada Bar No. 6434

26       9480 South Eastern Avenue, Suite 244
    Las Vegas, NV 89123

27       *Attorneys for Plaintiff Michael Calkins*

28

Dated: this 19th day of October, 2017.        NAYLOR & BRASTER
____ _____


                                                         By: _/s/ Andrew Sharples_____
                                                             Jennifer L. Braster
                                                             Naylor & Braster
                                                             Nevada Bar No. 9982
                                                             2050 Indigo Drive, Suite 200
                                                             Las Vegas, NV 89145

                                                         *Attorneys for Defendant Experian Information*
                                                         *Solutions*

IT IS SO ORDERED.

Dated: _____, _____    October 23, 2017

                                                         _____
                                                         HON. CAM FERENBACH
                                                         UNITED STATES MAGISTRATE JUDGE